IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) ) ) |
| APPROXIMATELY $11,568 IN UNITED STATES CURRENCY SEIZED ON JANUARY 11, 2024 IN CHARLOTTE, NORTH CAROLINA | ) ) CIVIL NO. 3:25-cv-00155 ) ) ) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES Plaintiff the United States of America, by and through Lawrence J. Cameron, Acting United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and alleges as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1. This is a civil action *in rem* against approximately $11,568.00 in United States currency (the "Currency") seized on January 11, 2024 in Charlotte, NC.

2. After fleeing the scene of a hit and run vehicle collision, Bismarck Valle-Hernandez, Jr. ("Valle-Hernandez") was found passed out, with drool hanging down from his mouth, in a white BMW M4 near the scene of the collision. While assisting Valle-Hernandez, law enforcement noticed a clear plastic bag of marijuana in plain view in the rear back seat of the BMW. A subsequent search of the BMW revealed, among other things: (a) marijuana packaged in the clear plastic bag; (b) a backpack that also contained marijuana, a digital scale with marijuana residue, and multiple corner baggies commonly utilized to package marijuana for distribution; (c) 73 individually wrapped THC liquid vape cartridges; (d) another digital scale with

1

marijuana residue; and (e) $11,568 in U.S. currency (the "Currency").

3. Records searches reveal that Valle-Hernandez has no known legitimate employment history or income, and the Currency was found in the BMW alongside clear evidence of narcotics trafficking.

4. Thus, the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

5. Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 21 U.S.C. § 881; 18 U.S.C. §§ 981, 983, and 984; and the Federal Rules of Civil Procedure.

6. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

7. Venue is proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina, and is now within the Western District of North Carolina.

8. Based on the following facts, verified by United States Drug Enforcement Administration ("DEA"), Task Force Officer ("TFO") Rolando Ortiz-

Trinidad, this action seeks the forfeiture of all right, title, and interest in the Currency.

**FACTS GIVING RISE TO FORFEITURE**

9. On the evening of January 11, 2024, law enforcement responded to a hit and run vehicle collision with injuries at the intersection of Bridgehampton Drive and Swanquarter Drive in Charlotte, North Carolina. The relevant area for the events described herein is not a large one:



10. The initial caller told 911 dispatchers that he observed several Hispanic

males fleeing a vehicle involved in the crash. One of these individuals, Bryan Ramos, was located and detained shortly thereafter.

11. While driving around the neighborhood, a CMPD officer noticed a young Hispanic male wearing all black enter the driver's seat of a white BMW M4, who appeared nervous and would not acknowledge the presence of the patrol vehicle when illuminated by its lights.

12. The CMPD officer returned to the scene of the crash to assist with locating the individuals who fled on foot.

13. Then, 911 dispatchers received call for service for a suspicious white sedan on Bridgehampton Drive, noting that several individuals had gotten into and out of the vehicle and appeared to be watching the activity at the collision scene. The 911 caller requested law enforcement respond to the vehicle at the address given.

14. Law enforcement did so, and observed a 2016 white BMW M4 parked on the side of the road with very dark windows.

15. A CMPD officer approached the vehicle, observed the passenger door slightly ajar, and smelled a strong odor of marijuana emanating from the vehicle.

16. Illuminating the interior of the vehicle with his flashlight, the CMPD officer then observed a young Hispanic male wearing all black clothing—later identified as Valle-Hernandez—passed out in the driver's seat with drool hanging out of his mouth:

4
Case 3:25-cv-00155-MOC-DCK   Document 1   Filed 03/05/25   Page 4 of 9



17. The CMPD officer requested a medic and additional CMPD officers to the scene.

18. Opening both doors of the BMW to render aid to Valle-Hernandez, the CMPD officer observed a clear plastic bag of marijuana on the rear passenger seat when he opened the passenger door of the BMW.

19. Valle-Hernandez was removed from the vehicle and was generally non-responsive. A medic arrived, evaluated Valle-Hernandez, and transported him to the hospital due to his probable involvement in the hit and run collision.

20. While in the hospital, Valle-Hernandez and Ramos were overheard by a CMPD officer talking about how Valle-Hernandez had crashed Ramo's vehicle. The two also discussed the whereabouts of a third individual involved, "Gabriel," and that Gabriel had fled on foot armed with a firearm.

21. A search of the BMW revealed, *inter alia*:

- 230.4 grams of raw marijuana in a black backpack and a clear plastic

bag;

- 73 individually wrapped THC liquid vape cartridges;

- Multiple corner baggies, commonly used to package marijuana, in the black backpack;

- A clear plastic baggie containing marijuana residue in the trunk;

- A black digital scale with marijuana residue in the black backpack;

- A black digital scale with marijuana residue in a blue duffle bag;

- Miscellaneous marijuana paraphernalia throughout the vehicle, and

- The $11,568 in Currency throughout the vehicle.

22. The Currency was comprised of thirteen (13) $1 bills, five (5) $5 bills, fourteen (14) $10 bills, three hundred and one (301) $20 bills, twenty-seven (27) $50 bills, and forty (40) $100 bills—a composition consistent with the proceeds of street-level narcotics trafficking.

23. Valle-Hernandez, who was 21 years old at the time of seizure with prior misdemeanor convictions for marijuana possession and carrying a concealed firearm, was arrested and charged with, *inter alia*, felony possession of marijuana and felony possession with intent to sell/distribute marijuana.

24. Records searches reveal that Valle-Hernandez has no known legitimate employment history, or record of any legitimately-earned income.

### FIRST CLAIM FOR RELIEF – THE $11,568 IN CURRENCY
### (21 U.S.C. § 881(a)(6))

25. The United States incorporates by reference the allegations set forth in in the paragraphs above as if fully set forth herein.

26. The $11,568 in Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

27. Upon information and belief, the following persons may claim an interest in the Currency seized on January, 11, 2024:

- Bismarck Valle-Hernandez;
- Courtesy copy to John J. Dowling, Dowling Defense Group LLC.

## CONCLUSION

28. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Currency be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Currency to be condemned and forfeited to the United States of America for disposition according to law; and

4. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 5th day of March, 2025.

>LAWRENCE J. CAMERON
>ACTING UNITED STATES ATTORNEY
>
>**/s/ Seth Johnson**
>J. Seth Johnson
>Texas Bar No. 24083259
>Assistant United States Attorney
>Suite 1650, Carillon Building
>227 West Trade Street
>Charlotte, North Carolina 28202
>Telephone: (704) 338-3159
>Email: seth.johnson@usdoj.gov

## VERIFICATION

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the _5___ day of March, 2025.

_____
Rolando Ortiz-Trinidad,
DEA Task Force Officer